Mathews, J.
delivered the opinion of the court. This suit is brought for the recovery of a section of land described in the petition; judgment being rendered for the defendant, the plaintiff appealed. She derives title from A. J. Renois, who claims by right of pre-emption, and actual purchase from the U. States, of a fractional section of land, containing about seventy-eight acres, as appears by the certificate of the register of the land-office of the south western district in this state. It is bounded, according to said certificate, on the lower side, or N. E., by land of Valentine; and on *312 the S. W. or upper side, by the land of Constance Escofier. The defendant, who is in possession of part of the land claimed, attempts to support his right of property, and possession, by a title to one half arpent in front, with the ordinary depth, derived from the mother of the plaintiff’s vendor through Valentine, whose land limits that of the plaintiff’s below; as appears by the register’s certificate. It appears also, from the evidence, that the defendant claims, under Valentine, other land besides the half arpen mentioned in his answer; and which, he asserts, adjoins a tract confirmed to John Archenard; the course of the side lines of which bear S. 28 E. The lower line of Madame Escofier’s tract, which is called for in the certificate of preemption, and purchase issued to A. J. Renois, runs S. 31 E. The oral evidence, which relates to the course of the defendant’s upper fence, and the length of time which it has continued in the same direction, (bearing now S. 28 E.) is contradictory, and can aid but little in determining the true course of the plaintiff’s lower line.
It is to be lamented, in this case, that no official surveys have been made of the con *313 flicting claims. The just and proper limits of the land, sued for, depend on the courses that ought to be given to the lines of the adjacent tracts, called for in the certificate of the register, (viz.) that of Valentine Lessart below, and Madame Escofier above. It is established, uncontrovertibly, by the evidence, that the lower line of the upper tract, called for in said certificate, runs S. 31 due E.; and must on that side give the same direction to the side line of the plaintiff’s land, as forming a common limit for the two tracts. There is no positive and express evidence contained in the record, which establishes the course of Valentine Lessart’s upper boundary; on which depends the direction to be given to the half arpent sold to him by Madame Renois and her children, being a part of the land for which the plaintiff’s vendor obtained title from the United States as above stated. In the absence of this express and positive proof, we must inquire, whether the evidence of the case exhibits facts, from which any strong legal presumption arises, by which our judgment should be directed, in the same manner as by express proof. For, on this circumstance, the decision of the cause greatly de *314 pends; because, a well established limit for Valentine’s claim must produce the same effect in direction to the lower line of the plaintiff’s land, which is caused by the line of Madame Scofier, in relation to the upper limit.
The only evidence of title in Valentine Lessart, appearing on the record, is found in the register's certificate of pre-emption, and purchase, accorded to A. J. Renois, under whom the plaintiff claims, which limits his claim on the lower side, by land of said Valentine; and a sale or exchange of four arpents in front made by the latter with G. B. Curtis, under whom the defendant claims title.
From this evidence, accompanied with that which faces the upper limit of the land confirmed to John Archenard, now in the possession of the defendant, under regular transfer of title, it is evident that the land sold by Valentine to Curtis lies between that claimed in the present case, in virtue of the purchase by A. J. Renois and Archenard’s claim, the side lines of which run S. 28 E., and being admitted to be a better title than that of Valentine, the course of the lower line of the latter claimant must be the same. But by ascertaining the direction of the lower limit, we *315 arrive at no certainty as to what must be the course of the upper; for Madame Escofier’s lower line, which directs the course of the upper line of Renois under whom the plaintiff claims, runs S. 31 E., and consequently his lower line ought to pursue the same course, unless the claim of Valentine gives it a different direction. No title is shown in the latter, except the uncertain recognitions above stated, which give no direction to the side lines of his claim; and consequently the line between him and the claim of the family Renois must be presumed to take the course of their upper line, which is directed by that of Mde. Escofier, being S.31 E. The point of departure A. on plot E. no. 1, corresponding to the point C. on the plot no. 2, being agreed on as the commencement of the limit between the parties litigant, and no evident or legal presumption arising from fact contained in the record, appearing to this court, to give to the uncertain claim of Valentine Lessart the course of S. 28 E. on his upper limit; but on the contrary, believing the course of his upper line ought to be S. 31 E.; and that the half arpent purchased by him from the family Renois, and transferred in the sale and exchange to Curtis, must follow the same course : considering *316 also that the quantity contained in Renois pre-emption and purchase cannot otherwise be had, and even in this mode of locating is deficient, and being of opinion that his title is better than that of Valentine,
Thomas for plaintiff, Bullard and Johnston for the defendant.
It is therefore, ordered, adjudged and decreed, that the judgment of the district court be annulled, avoided and reversed; and proceeding here to give such as, in our opinion, ought to have been rendered in the court below, it is further ordered, adjudged and decreed, that the plaintiff do recover from the defendant all the land which the latter possesses by running his upper boundary, which begins on the bayou Rapides at the point A. and running such a course forty arpents deep, as will include between it and Madame Escofier’s line, which runs S. 31 E., the quantity of eighty superficial arpents; and the appellee pay costs in both courts.